HENRY WARREN *et al.*

*v.*

RICHARD DOOLITTLE.

1. FRAUD—*false representations—matters of opinion.* Where the purchaser of an article seeks to set aside the sale on the ground of fraudulent representations made by the seller, equity will not grant the relief merely because of representations which are but matters of opinion or speculative commendation as to the qualities of the thing sold.

2. In this case, as regards the matters of fact embraced in the representations made, it is *held,* that the proof shows no fraud which would authorize a rescission of the contract.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. WILDER & DAVIS, for the appellants.

Messrs. RANDALL & FULLER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Henry Warren, one of the appellants, having obtained letters patent for an improvement for making compound chemical soap, sold, on the 12th day of April, 1864, to the appellee, Richard Doolittle, in conjunction with one Daniel C. Young, the right secured by the letters patent, for the city of Chicago and the county of Cook, and this bill was filed by Doolittle, March 28th, 1868, to set aside the sale on the ground of fraudulent representations.

Most of the alleged representations were mere matters of opinion or speculative commendation as to the qualities of the soap, against which equity will not relieve.

There were, really, but two matters of fact embraced in the representations as to which proof was adduced, which were, that the soap was made without lye and grease, and that it would not shrink more than ordinary soap.

The soap was confessedly made without lye or grease, as such. Brown's opodeldoc was used in the making of it, and Warren so informed the purchaser. This contained the above named ingredients; but that article, though containing those ingredients, was something different from either in a simple state.

Besides, it is not apparent wherein consists the damage to result from such a false representation. These ingredients seem to enter into the composition of all soaps, and, according to the proof, the more of them the better the article.

The only real ground of complaint as to the quality of this soap, appears, from the evidence, to be its liability to shrink. When green, it seems to possess peculiar qualities of usefulness. It appears, from the testimony, to be the nature of all soaps to shrink considerably. After an examination of all the testimony on this head, we do not think it discloses any such substantial difference in this respect between this and other soaps, as to justify the conclusion that the representation of Warren, that the soap would not shrink more than ordinary soap, was a false and fraudulent one.

There were some facts disclosed in the evidence which bear stronger testimony as to the merits of the subject matter of this patent right than the opinions of interested witnesses.

Mrs. Codding and Mrs. Rolland gave testimony on behalf of the complainant in depreciation of the article, but on their cross-examination it came out that, after some six months' personal experience in the making, use and sale of it, they had given their written certificates in commendation of its good qualities, the former testifying that her's was essentially true; and Mrs. Rolland, after having purchased the patent right for Sauk county, Wisconsin, and making and selling the soap under it for some time, purchased the right for Milwaukee county.

The witness Greenman, a druggist at Sandwich, Ill., testified for the defendant in favor of the article, and gave the fact, in confirmation of his testimony that, after having bought the

patent right for DeKalb county, and manufacturing and selling the soap under it, he purchased the right for the rest of the State except seventeen counties, and paid for it $6500.

Doolittle by no means dealt with Warren wholly upon faith in the representations of the latter. He saw the article made by Warren in his presence, the latter showing him the ingredients. He had seen a notice of the patent in the "Scientific American." He says he was induced to purchase by the experiments of Warren and his statements, and by what Hillis said about it ; and that if Young, the joint purchaser with him, had not purchased, probably he should not.

The delay, too, in bringing this suit—about four years after the purchase—affords an unfavorable inference against the complainant.

We are of opinion the proof shows no fraud which would authorize a rescission of the contract.

The decree of the court below will be reversed and the cause remanded.

*Decree reversed.*